J. David Milliner - 5762
J.D. MILLINER, PLLC
100 Redman Building
1240 E. 2100 So., Suite 100
Salt Lake City, Utah 84106
Telephone: 801-505-5600
Email: jdmilliner@att.net

*Counsel for Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| Andrew Lewis Van Noy, | Bankruptcy Case No. 10-30970 |
| Debtor. | (Chapter 7) |
| Alan K. Gibson, individually and as general partner of ABAKKIM, LP, | Adversary No. 10-03019 |
| Plaintiff, | |
| v. | Hon. R. Kimball Mosier |
| Andrew Lewis Van Noy, | |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff, individually and in his capacity as general partner of ABAKKIM, LP, through counsel, for his Amended Complaint against Debtor and Defendant Andrew Lewis Van Noy for

non-dischargeability of debt in the above-captioned case states as follows:

### PARTIES

1. Alan K. Gibson is an individual who resides in the state of Utah.

2. ABAKKIM, LP is a Utah limited partnership having its principal place of business located in the state of Utah.

3. Alan K. Gibson is one of two general partners of ABAKKIM, LP. Mr. Gibson's children are ABAKKIM, LP's limited partners.

4. Andrew Lewis Van Noy is an individual who, on information and belief, resides in the state of Utah. Mr. Van Noy is the Debtor in the above-captioned Chapter 7 bankruptcy case.

### JURISDICTION AND VENUE

5. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

6. The Court has jurisdiction over the subject matter of, and the parties to, this adversary proceeding pursuant to 28 U.S.C. Sections 151, 157, 1331 and 1334; 11 U.S.C. Section 523(a)(2); Federal Rule of Bankruptcy Procedure 7001; and District of Utah Civil Rule 83-7.1.

7. Venue is proper pursuant to 28 U.S.C. Section 1409.

### FACTUAL BACKGROUND

8. On or about the August 14, 2008, Mr. Van Noy, by means of personal representations, both written and verbal, caused Plaintiff to pay $100,000.00 to Strategic Asset Holdings, LLC, a Utah limited liability company ("Strategic").

9. On information and belief, Strategic is wholly owned and controlled by Velocity of Money, LLC, another Utah limited liability company ("Velocity"), which, in turn, is

wholly owned and controlled by Mr. Van Noy.

10. Although Plaintiff used personal monies to pay the $100,000.00, he did so on behalf of ABAKKIM, LP.

11. In exchange for Plaintiff's $100,000.00, ABAKKIM, LP supposedly received a "5.5 percentage interest in the ninety (90%) percent equitable interest" purportedly held by Strategic in an "Illinois-type land trust" known as "5300 Cove Hollow Lane Trust (the "Trust"), over which Sterling Fiduciaries, LLC, a Utah limited liability company, supposedly was trustee (the "Trustee").

12. The Trustee, in turn, supposedly held on behalf of the Trust "legal and equitable title" to a parcel of real property located in Park City, Utah, known as 5300 Cove Hollow Lane (the "Property").

13. By virtue of Plaintiff's "purchase" of the 5.5% equitable interest from Strategic, ABAKKIM, LP supposedly became a "Capital Beneficiary" of the Trust.

14. The "equitable interest" sold to Plaintiff was expressly "an interest in personal property and not an interest in real property."

15. According to Mr. Van Noy's representations to Plaintiff, upon Plaintiff's purchase of the "equitable interest," ABAKKIM, LP became one of many "capital beneficiaries" who, together, controlled the Trust, which owned the Property.

16. By virtue of ABAKKIM, LP's status as a "Capital Beneficiary" holding an "equitable interest" in the Trust it was "anticipated, but not guaranteed, that [ABAKKIM, LP] shall receive $1,300.00 per month, based on the performance of the Trust res."

17. Mr. Van Noy also represented to Plaintiff that, upon the sale of the Property, ABAKKIM,

LP "shall be entitled to a pro-rata distribution of the net sales proceeds."

18. Mr. Van Noy also affirmatively represented to Plaintiff that the worst-case scenario was that if the Trust failed to pay out what was anticipated, ABAKKIM, LP could get together with the other "capital beneficiaries" and instruct the Trustee to sell the Property and divide the proceeds.

19. Unbeknownst to Plaintiff at the time he gave the $100,000.00 to Strategic, although residual fee title to the Property then stood in the name of the Trustee/Trust, at least 2, and possibly as many as 4, trust deeds securing debts that had not been repaid were already outstanding against the Property.

20. At no time did Mr. Van Noy disclose to Plaintiff that there were trust deeds already outstanding against the property securing promissory notes that had not been repaid.

21. On information and belief, the outstanding obligations secured by these trust deeds at all relevant times exceeded the value of the Property – making any "equitable interest" in the Trust purchased by Plaintiff worthless.

22. Because of the outstanding trust deeds, the Trustee could not have been holding both "legal and equitable title" to the Property as Mr. Van Noy represented to Plaintiff.

23. On September 22, 2009, eTitle Insurance Co., acting as trustee under a Deed of Trust executed in favor of J.P. Morgan Chase Bank on December 6, 2007 and recorded on December 10, 2007, recorded a Notice of Default and Election to Sell the Property.

24. Following a trustee's sale, on July 30, 2010 eTitle Insurance Co. executed a Trustee's Deed conveying the Property to Homesales, Inc., which was recorded on August 5, 2010.

25. Although ABAKKIM, LP at first received a few of the promised $1,300.00 monthly

payments, neither it nor Plaintiff have received any monies in respect of ABAKKIM, LP's "equitable interest" in the Trust since 2008.

26. On August 12, 2010, Mr. Van Noy filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Utah, Central Division, Case No. 10-30970.

27. Initially, Mr. Van Noy did not list either Plaintiff or ABAKKIM, LP as creditors in his bankruptcy filings.

28. On August 21, 2010, the Court sent out its Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines (the "Chapter 7 Notice") to the creditors that Mr. Van Noy had listed in his filings. Because neither Plaintiff nor ABAKKIM, LP were listed, they did not receive the Chapter 7 Notice.

29. On September 15, the 341 Meeting of Creditors was held at 3:00 p.m. in the Provo City Library. Because Plaintiff did not receive the Chapter 7 Notice, he did not attend.

30. On September 22, 2010, having found no property available for distribution from the estate over and above that exempted by law, the bankruptcy trustee entered his Chapter 7 Trustee's Report of No Distribution.

31. On October 6, 2010, Mr. Van Noy filed an Amended Schedule F wherein for the first time he named Plaintiff as a creditor. Mr. Van Noy listed Plaintiff as holding an unsecured nonpriority claim in the amount of "$0.00," which he identified as a "business expense" incurred on "1-1-2008."

32. On October 7, 2010, Mr. Van Noy's attorney mailed a copy of the first page of the Chapter 7 Notice to Plaintiff, pursuant to which Plaintiff learned for the first time that he, either

individually or in his capacity as general partner of ABAKKIM, LP might be a creditor in Mr. Van Noy's bankruptcy case.

33. On November 15, 2010, Plaintiff caused to be filed his initial Complaint for non-dischargeability in this case.

## FIRST CAUSE OF ACTION

### Under Section 523(a)(19) of the Bankruptcy Code, a Non-dischargeable Judgment against Defendant for Violation of Section 61-1-3 of the Utah Code.

34. Plaintiff incorporates by reference the above-stated allegations as though fully set forth herein.

35. Section 523(a)(19) of the Bankruptcy Code renders non-dischargeable any debt incurred by a debtor in violation of any state securities law.

36. The "equitable interest" sold to Plaintiff by Mr. Van Noy is a security as defined under Section 61-1-13(ee) of the Utah Code.

37. Section 61-1-3(1) of the Utah Code makes it unlawful for any person to transact business in Utah as a securities "broker-dealer" or "agent" unless the person is properly licensed with the State of Utah.

38. Mr. Van Noy's actions in selling Plaintiff the "equitable interest" in the Trust were either those of a "broker-dealer" as defined in Section 61-1-13(1)(c)(i) of the Utah Code, or those of an "agent" as defined in Section 61-1-13(1)(b)(i) of the Utah Code.

39. On information and belief, neither Mr. Van Noy, nor his company, Velocity, nor its company, Strategic, is licensed as a securities broker-dealer, and Mr. Van Noy is not licensed as a securities agent, with the State of Utah.

40. On information and belief, Mr. Van Noy's violation of Section 61-1-3(1) of the Utah Code was intentional; or, at the very least, it was reckless.

41. Except for a few monthly payments of $1,300.00 each, Plaintiff and ABAKKIM, LP have lost the entire $100,000.00 Plaintiff paid for the "equitable interest" offered and sold to him by Mr. Van Noy.

42. Section 61-1-22(1)(b) of the Utah Code provides a private right of action to Plaintiff for Mr. Van Noy's violation of Section 61-1-3(1) of the Utah Code to recover the consideration Plaintiff paid for the "equitable interest," less the few monthly payments received on account thereof, together with interest at the rate of 12% from the date of payment of the $100,000.00 on August 14, 2008.

43. Section 61-1-22(2) of the Utah Code also permits the Court to award treble damages upon a showing that Mr. Van Noy's violation was either intentional or reckless.

44. As a result, the Court should enter a non-dischargeable judgment against Mr. Van Noy and in favor of Plaintiff in the amount of three times the difference between the $100,000.00 paid by Plaintiff for the "equitable interest" and the few monthly payments received on account thereof, plus 12% interest thereon from August 14, 2008 until the date the judgment is entered.

## SECOND CAUSE OF ACTION

**Under Section 523(a)(19) of the Bankruptcy Code, a Non-dischargeable
Judgment against Defendant for Violation of Section 61-1-7 of the Utah Code.**

45. Plaintiff incorporates by reference the above-stated allegations as though fully set forth herein.

46. Section 523(a)(19) of the Bankruptcy Code renders non-dischargeable any debt incurred by a debtor in violation of any state securities law.

47. The "equitable interest" sold to Plaintiff by Mr. Van Noy is a security as defined under Section 61-1-13(ee) of the Utah Code.

48. Section 61-1-7 of the Utah Code makes it unlawful for any person to offer for sale or to sell a security that has not been registered with the Utah Division of Securities, unless the security has already been registered with the U.S. Securities and Exchange Commission and a notice of filing has been provided to the Utah Division of Securities.

49. On information and belief, the "equitable interest" offered for sale and sold by Mr. Van Noy to Plaintiff was not registered with either the Utah Division of Securities or the U.S. Securities and Exchange Commission.

50. On information and belief, Mr. Van Noy's violation of Section 61-1-7 of the Utah Code was intentional; or, at the very least, was reckless.

51. Except for a few monthly payments of $1,300.00 each, Plaintiff has lost the entire $100,000.00 he paid for the "equitable interest" offered and sold to him by Mr. Van Noy.

52. Section 61-1-22(1)(b) of the Utah Code provides a private right of action to Plaintiff for Mr. Van Noy's violation of Section 61-1-7 of the Utah Code to recover the consideration Plaintiff paid for the "equitable interest," less the few monthly payments received on account thereof, together with interest at the rate of 12% from the date of payment of the $100,000.00 on August 14, 2008.

53. Section 61-1-22(2) of the Utah Code also permits the Court to award treble damages upon a showing that Mr. Van Noy's violations were either intentional or reckless.

54. As a result, the Court should enter a non-dischargeable judgment against Mr. Van Noy and in favor of Plaintiff in the amount of three times the difference between the $100,000.00 paid by Plaintiff for the "equitable interest" and the few monthly payments received on account thereof, plus 12% interest thereon from August 14, 2008 until the date the judgment is entered.

### THIRD CAUSE OF ACTION

**Under Section 523(a)(19) of the Bankruptcy Code, a Non-dischargeable Judgment against Defendant for Violation of Section 61-1-1 of the Utah Code.**

55. Section 61-1-1 of the Utah Code makes it unlawful to directly or indirectly employ any device, scheme or artifice to defraud, or to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the offer or sale of a security.  Pursuant to Section 61-1-13(1)(o) of the Utah Code, the terms "fraud," "deceit" and "defraud" are to be broadly construed for purposes of Utah's securities laws and not limited to their common-law meanings.

56. Section 61-1-1 of the Utah Code also makes it unlawful, in connection with the offer or sale of a security, to directly or indirectly make any untrue statement of a material fact or to fail to state all material facts necessary to make the statements made, in light of the circumstances under which they are made, not misleading.

57. Under the facts of this case, Mr. Van Noy employed a device, scheme or artifice to defraud, and engaged in acts, practices and courses of business which operated as a fraud or deceit upon Plaintiff within the meaning of Section 61-1-1 of the Utah Code.

58. At the very least, Mr. Van Noy failed to disclose to Plaintiff the material fact that the

9

Property was encumbered by significant debts at the time he was offering to sell and sold the "equitable interest" to Plaintiff for $100,000.00; and his failure to state this material fact under these circumstances rendered the statements he did make misleading.

59. On information and belief, Mr. Van Noy's violations of Section 61-1-1 of the Utah Code were intentional. At the very least, they were reckless.

60. Except for a few monthly payments of $1,300.00 each, Plaintiff has lost the entire $100,000.00 he paid for the "equitable interest" offered and sold to him by Mr. Van Noy.

61. Section 61-1-22(1)(b) of the Utah Code provides a private right of action to Plaintiff for Mr. Van Noy's violation of Section 61-1-1(2) of the Utah Code to recover the $100,00.00 consideration Plaintiff paid for the "equitable interest," less the few monthly payments received on account thereof, together with interest at the rate of 12% from the date of payment on August 14, 2008.

62. Section 61-1-22(2) of the Utah Code also permits the Court to award treble damages upon a showing that Mr. Van Noy's violation of Section 61-1-1(2) of the Utah Code was either intentional or reckless.

63. As a result, the Court should enter a non-dischargeable judgment against Mr. Van Noy and in favor of Plaintiff in the amount of three times the difference between the $100,000.00 paid by Plaintiff for the "equitable interest" and the few monthly payments received on account thereof, plus 12% interest thereon from August 14, 2008 until the date the judgment is entered.

**FOURTH CAUSE OF ACTION**

**Under Section 523(a)(2)(A) of the Bankruptcy Code, a Non-dischargeable Judgment for a Debt Incurred under False Pretenses, a False Statement or Actual Fraud.**

64. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

65. Mr. Van Noy represented to Plaintiff that the "equitable interest" that Plaintiff bought for $100,000.00 had significant intrinsic value.

66. Mr. Van Noy's representations concerned the presently existing material fact of whether the "equitable interest" in fact had any significant intrinsic value.

67. Mr. Van Noy's representations were false in that the "equitable interest" did not, in fact, have any significant intrinsic value.

68. Mr. Van Noy either knew his representations with respect to the intrinsic value of the "equitable interest" he sold to Plaintiff were false at the time he made them, or at the very least he made those representations recklessly, knowing that he had insufficient knowledge upon which to base them.

69. Mr. Van Noy made those false representations for the purpose of inducing Plaintiff to act in reliance on them.

70. Plaintiff at all times acted reasonably and in ignorance of the falsity of Mr. Van Noy's representations.

71. Plaintiff did, in fact, rely on Mr. Van Noy's false representations regarding the significant intrinsic value of the "equitable interest" being offered to him by Mr. Van Noy when he paid $100,000.00 for it.

72. Plaintiff was induced to act by Mr. Van Noy's false representations with respect to the "equitable interest" having significant intrinsic value in that Plaintiff would not have purchased the "equitable interest" but for Mr. Van Noy's false representations.

73. Plaintiff was injured and damaged by his reliance on Mr. Van Noy's false representations in that he has lost nearly his entire $100,000.00.

## FIFTH CAUSE OF ACTION

**Under Section 523(a) of the Bankruptcy Code, Sections 61-1-22(2) and 78B-5-825(1) of the Utah Code, and Any Other Applicable Statute or Rule, a Non-dischargeable Judgment against Defendant for Plaintiff's Court Costs and Reasonable Attorney Fees.**

74. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

75. Section 523(a)(19)(B)(iii) of the Bankruptcy Code permits the Court to award Plaintiff a non-dischargeable judgment for his court costs and reasonable attorney fees incurred in prosecuting and prevailing on his first, second, third and fourth causes of action herein.

76. Section 61-1-22(2) of the Utah Code also permits Plaintiff to recover his court costs and reasonable attorney fees incurred in connection with enforcing his rights under Utah's securities laws.

77. Section 78B-5-825(1) of the Utah Code permits the recovery of costs and reasonable attorney fees by a Plaintiff when a Defendant defends in bad faith.

78. Common law principles of equity, remedies and damages also dictate that Plaintiff should be awarded the costs and reasonable attorney fees he incurs should he prevail in prosecuting this action.

79. As a result, the Court should also enter a non-dischargeable judgment against Mr. Van Noy

and in favor of Plaintiff for the court costs and reasonable attorney fees incurred by Plaintiff in bringing and successfully prosecuting this action.

WHEREFORE, Plaintiff prays the Court enter a non-dischargeable judgment against Defendant as follows:

A. Under Plaintiff's First Cause of Action, Second Cause of Action and/or Third Cause of Action in the amount of three times the difference between the $100,000.00 paid by Plaintiff for the "equitable interest," less the few monthly payments actually received thereon, plus interest at the rate of 12% per annum on this amount from August 14, 2008;

B. Under Plaintiff's Fourth Cause of Action, in the amount of $100,000.00 less the few monthly payments received;

C. Under Plaintiff's Fifth Cause of Action, for all court costs and reasonable attorney fees incurred by Plaintiff in bringing and prosecuting this action; and

D. Such other and further relief as the Court deems just and proper under the circumstances.

DATED this 25th day of March, 2011.

J.D. MILLINER, PLLC


　/s/　　　　J. David Milliner　　　　　　
J. David Milliner,
*Counsel for Plaintiff Alan K. Gibson*