J. David Milliner - 5762
J.D. MILLINER, PLLC
100 Redman Building
1240 E. 2100 So., Suite 100
Salt Lake City, Utah 84106
Telephone: 801-505-5600
Email: jdmilliner@att.net

*Counsel for Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>Andrew Lewis Van Noy,<br><br>　　　Debtor.<br><br>— — — — — — — — — — — — — —<br><br>Alan K. Gibson, individually and as<br>general partner of ABAKKIM, LP,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Andrew Lewis Van Noy,<br><br>　　　Defendant. | **AFFIDAVIT OF ALAN K. GIBSON**<br><br><br>Bankruptcy No. 10-30970<br>(Chapter 7)<br><br><br>Adversary No. 10-03019<br><br><br>Hon. R. Kimball Mosier |

STATE OF UTAH 　　　}
　　　　　　　　　　　　　　:ss.
COUNTY OF SALT LAKE　}

I, Alan K. Gibson, being first duly sworn upon my oath, do aver and state that I am over 21

years of age; that I am the Plaintiff in the above-captioned case; that I have personal knowledge of

the facts set forth in this Affidavit; and that if called to testify I could and would testify as follows:

1. I was unaware that Mr. Van Noy had filed for bankruptcy, or that either I and/or
   ABAKKIM, L.P., of which I'm a general partner, were potential creditors in his
   bankruptcy case, until after I received a copy of the first page of the Court's Notice of
   Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines (the "Chapter 7 Notice")
   that was mailed to me by Mr. Van Noy's attorney on October 7, 2010.   A copy of what I
   received from Mr. Van Noy's attorney is attached hereto as Affidavit Exhibit 1.

2. Not really knowing what the Chapter 7 Notice meant, a few days later my wife, who is the
   other general partner of ABAKKIM, LP, and I started making inquiries with the various
   parties we were told were involved in what Mr. Van Noy had described to us as an
   investment in a land trust, for which we paid $100,000.00.

3. We first tried to reach Mr. Van Noy, but he did not return our calls.

4. We also called the office of Mr. Van Noy's attorney listed in the Chapter 7 Notice, but we
   were told only that we should talk to an attorney.

5. We also contacted Attorney James R. Baker, the principal of Sterling Fiduciaries, LLC,
   who we were informed was the trustee of the trust in which we had invested.

6. Mr. Baker referred us to a man named David Burton, who informed us that the real
   property that was supposed to be the underlying asset of the trust had been foreclosed on,
   and that our investment was, therefore, lost.

7. Needless to say, we were pretty discouraged to hear this.

8. Sometime in early November 2010, my wife contacted Attorney David Milliner to try to

2

learn the full meaning of the Chapter 7 Notice.

9. Based on the information my wife received, sometime during the second week of
November 2010 I also contacted and spoke with Mr. Milliner.

10. Among other things, we discussed that the Chapter 7 Notice stated that "11/15/10" was the
"Deadline to File a Complaint . . . to Determine Dischargeability of Certain Debts."

11. Because November 15 was rapidly approaching, I spent a lot of time over the next few days
gathering relevant documents from our files and the Summit County Recorder's Office.

12. On the afternoon of November 15, 2010, I emailed these documents to Mr. Milliner.

13. After he had a chance to look through the documents and we talked about what had
happened, I authorized Mr. Milliner to quickly draft and file the initial Complaint in this
case to serve as a temporary "bookmark" to preserve our right to proceed against Mr. Van
Noy while we further investigate the facts involved and the relevant law.

14. One of the facts that my wife and I wanted to further investigate was the level of culpability
that Mr. Van Noy actually had in the loss of our money, as we had no desire to destroy the
life of someone who, himself, may only have been an innocent dupe who was also taken
advantage of by some third party.

15. Our subsequent attempts to get Mr. Van Noy's side of the story, however, have not proven
very satisfactory.   Attached hereto as Affidavit Exhibit 2 is a copy of an email I received
from him on November 22, 2010.

16. My wife and I are devout members of the LDS Church who have never before been
involved in a lawsuit.   We are aware of Jesus Christ's teachings about turning the other

3

cheek, etc.   As a result, we were reluctant to pursue the claims against Mr. Van Noy that were suggested to us by Mr. Milliner without fully exploring the spiritual and moral ramifications of doing so.

17. To that end, we sought ecclesiastical counseling from our LDS Bishop, Dan Jones, who also has some experience with real-estate-type investments.   Attached hereto as Affidavit Exhibit 3 is a copy of an email dated March 22, 2011 that we received from Bishop Jones.

18. Based on the counseling and other information we received from Bishop Jones, my wife and I finally resolved our spiritual and moral concerns about pursuing a law suit against Mr. Van Noy, and on March 23, 2011 my wife communicated to Mr. Milliner our desire to proceed with the case.

DATED this ___7___ day of April, 2011.

Alan K. Gibson,
*Plaintiff*

SUBSCRIBED AND SWORN to before me this 7TH day of April, 2011.

NOTARY PUBLIC

FRANCES NAISBITT
Notary Public
State Of Utah
My Commission Expires November 4, 2014
COMMISSION NUMBER 602733

4

# AFFIDAVIT EXHIBIT 1

**Utah Bankruptcy Professionals, P.C.**
**9227 South 1300 East**
**Sandy, UT 84094**





**Alan Gibson**
**2080 Delmont Dr**
**Salt Lake City UT 84117-5221**

Case 10-03019   Doc 4-1   Filed 04/07/11   Entered 04/07/11 22:15:20   Desc Affidavit
of Alan K. Gibson   Page 7 of 12
Case 10-30970   Doc 6   Filed 08/21/10   Entered 08/21/10 22:50:12   Desc Imaged
Certificate of Service   Page 1 of 4

FORM RAB9A (Ch 7 Ind/Jnt Db No Asset Cs)(12/09)                                Case Number 10-30970

## UNITED STATES BANKRUPTCY COURT
### District of Utah

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines
A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 8/12/10.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): Andrew Lewis Van Noy PO Box 134 Provo, UT 84606 | |
|---|---|
| Case Number: 10-30970 RKM | Social Security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–1402 |
| Attorney for Debtor(s) (name and address): Jody L. Howe Utah Bankruptcy Professionals, P. C. 9227 South 1300 East Sandy, UT 84094 Telephone number: (801) 501-0100 | Bankruptcy Trustee (name and address): Philip G. Jones tr 853 West Center Street Orem, UT 84057 Telephone number: (801) 224–5750 |

### Meeting of Creditors
Date: September 15, 2010          Time: 3:00 PM
Location: Provo City Library, Academy Square, 550 N. University Ave., Provo, UT 84601

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

Insufficient information has been filed to date to permit the clerk to make any determination concerning the presumption of abuse. If more complete information, when filed, shows that the presumption has arisen, creditors will be notified.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 11/15/10**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Foreign Creditors
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office: 350 South Main #301 Salt Lake City, UT 84101 Telephone number: (801) 524-6687 | For the Court: Clerk of the Bankruptcy Court: David A. Sime |
|---|---|
| Hours Open: 8:00 AM – 4:30 PM; Telephone 8:00 AM – 4:30 PM | Date: 8/19/10 |

### Online Information
Case information is available at no charge on our Voice Case Information System (VCIS). Call 1–800–733–6740 or (801) 524–3107 with your touch–tone telephone. Case information is also available on the Internet using our PACER service for a $.08/page fee. An account is required. Visit our homepage at **www.utb.uscourts.gov** for details.

*Didn't show Velocity or mom or us as creditor*

*pg jones4[ hotmail.com*

*10/4/10*
*Full  left message  Jody Howe - Debt Attorney*
*            Philip G. Jones Trustee*

*Get paper work -*
*See how property is deeded*
*- entity may be ok*
*- other way - file non-discharge*
*            Fraude.*
*get Judgement.*

# AFFIDAVIT EXHIBIT 2

**From:** Gibson, Alan (Electronics Engineer) (AGibson@rideuta.com)
**To:** jdmilliner@att.net;
**Date:** Thu, April 7, 2011 11:10:28 AM
**Cc:**
**Subject:** corespondence between Andrew and Alan - Could not find the sending of lorene's draft by me.

Sent: Mon 11/22/2010 3:06 PM
Alan,

I am amazed at how kind you have been to me throughout this whole ordeal. Dennis going to prison really didn't help any of Velocity of Money's situation.

Luckily I have not had to go to the homeless shelter, even though I am deeply indebted to the kindness of friends who helped me out.

I am so grateful for the Lord through this whole situation. I have a testimony of tithing and know that what little money the Lord blessed me with, I never went without after paying my tithing!

Jim Baker was the trustee on that trust. I had to relinquish my beneficial interest in that trust back to Dave Burton who was the original owner.

I am not sure what has happened since then.

Feel free to call Jim Baker to see what the status is.

7109 Highland Dr # 201
Salt Lake City, UT 84121-7306
(801) 438-1222

The last I heard, Dave Burton was trying to short sale the home.

I am confident that things will get better financially for me. I hope that is sooner than later, and next time we talk I have better news for you.

Thank you for your kindness!!

Andrew

On Fri, Nov 12, 2010 at 4:40 PM, Gibson, Alan  <AGibson@> wrote:
Andrew,

Are you surviving? I hope you did not have to go to 2nd south in SLC to get a square meal each day. Good food, I did a service project there once. It was great, we had ostrich gravy over toast among other foods.

I wish I could be contacting you under better circumstances.
I would like to count you as a friend and person of worth.
Sorry to hear about your personal financial situation.
I hope all the best for you, like the phoenix, you will rise from the ashes.

On to some business:

Who is managing the 5300 COVE HOLLOW LANE TRUST?
Is it intact or what has been happening to it?


*Alan Gibson*

# AFFIDAVIT EXHIBIT 3

**From:** Lorene Gibson (loreneelizabeth@yahoo.com)
**To:** jdmilliner@att.net;
**Date:** Wed, March 23, 2011 4:31:10 PM
**Cc:**
**Subject:** Fw: RE: I need a little advice

--- On **Tue, 3/22/11, Dan Jones *<dan@micfund.com>*** wrote:

> From: Dan Jones <dan@micfund.com>
> Subject: RE: I need a little advice
> To: "Lorene Gibson" <loreneelizabeth@yahoo.com>
> Date: Tuesday, March 22, 2011, 6:25 PM
>
> Lorene
>
> I am certain I am far from a guru in real estate. I know enough to be dangerous though. I am very sorry
> to hear about your loss. Your story is a common one. If you feel certain that your investment is
> completely worthless (which it probably is) then the question is whether or not to pursue criminal
> charges. I do not know whether they are warranted or not. You might try Eric Petersen, who is an
> attorney at the Utah AG office and he could direct you as to who you should talk to. If may be federal
> too, I don't know.
>
> If it is worthy of a criminal investigation, who knows, they may dig a lot deeper than a bankruptcy
> trustee would dig and consequently find out he has hidden assets that you may privy to. At the very
> least, it worth a little time to investigate it.
>
> I would definitely look into this matter more and see what options you have. Hopefully a good
> prosecuting attorney for the state will take some interest into digging into it. If it is criminal he may have
> to pay you back some of your money over time.
>
> Good luck with it and again I understand losing money (mine and others) and so I know what a
> disappointment and frustration this can be.
>
> Dan
>
> _____
>
> From: Lorene Gibson [mailto:loreneelizabeth@yahoo.com]
> Sent: Tuesday, March 22, 2011 10:13 AM
> To: Dan Jones
> Cc: Alan
> Subject: I need a little advice